**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                      CASE NO. 06-CR-20063
    Plaintiff,                   HON. LAWRENCE P. ZATKOFF

v.

D-1 PATERNO DOREZA,
D-2 MANUELA DOREZA,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 10, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' June 6, 2006, Motions for Bill of Particulars, to Strike Surplusage from Indictment, and for Discovery. The Government has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motions are DENIED.

**II. BACKGROUND**

Defendants are the parents of Elena Szilvagyi, the president of Prime Care, a company that provides home health care services. Defendants and David Szilvagyi, Elena's husband, all worked for Prime Care. Prime Care's eligible costs are reimbursed by Medicare. In June 2004 the

Government filed a civil complaint alleging that the Szilvagyis, Defendants, and Prime Care defrauded the Government by claiming reimbursement for expenses relating to the construction of a house for the Szilvagyis. Title in the house was later passed to Defendants.

The Government alleges that during the discovery phase of the civil case, Defendants attempted to conceal the extent of their assets in order to persuade the Government to accept a lower settlement. Specifically, the Government alleges that Defendants misrepresented the amount of "total cash on hand" and jewelry they possessed, concocted a fictitious story regarding the sale of a watch to Defendants' son, and did not disclose real estate they owned in the Philippines. In February 2006 the Government filed an indictment in the instant criminal case against Defendants, charging them with conspiracy, false statements, and perjury, in violation of 18 U.S.C. §§ 371, 1503, 1001, and 1623. On June 6, Defendant Manuela filed Motions for Bill of Particulars, to Strike Surplusage from Indictment, and for Discovery. Defendant Paterno joined in the motions.

### III. ANALYSIS

**A.     Motion for Bill of Particulars**

As the Government notes in its response, the Motion for Bill of Particulars appears to refer to another case. Defendants have confirmed that this Motion was filed in error. Thus, this Motion is DENIED as moot.

**B.     Motion to Strike Surplusage from Indictment**

Defendants argue that the Government makes allegations in paragraphs 9-17 of the indictment that are prejudicial and not relevant to the statutory elements of the crimes charged. Defendants move for these paragraphs to be stricken pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, which states that "[u]pon the defendant's motion, the court may strike

surplusage from the indictment or information."

The paragraphs objected to by Defendants describe events related to the civil case described above, in which Defendants and the Szilvagyis allegedly defrauded the Government by claiming reimbursement for expenses related to the construction of their house. As Defendants note, those allegations are unnecessary to prove the charges in the instant indictment. The Sixth Circuit has held that surplusage may be stricken when "an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974).

However, the Sixth Circuit has also noted that "the standard under Rule 7(d) has been strictly construed against striking surplusage." *Id.* Furthermore, "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 (6th Cir. 1989)). As the Government points out, Defendants only argue that the paragraphs in question are nonessential and prejudicial; they do not argue that they are irrelevant or inadmissible. The Government argues that the paragraphs in question detail background facts that provided the motivation for Defendants to commit the acts charged in the indictment.

The Court agrees that the paragraphs in question provide a context for the charges and are relevant to Defendants' motive. One statement specifically objected to by Defendants is paragraph 14: "[r]ather than honestly disclosing their true net worth to the Government and attempting to negotiate a resolution of their civil liability, Defendants decided instead to conceal their assets as much possible in an attempt to persuade the United States to accept a lower civil settlement." Defendants argue that the statement is prejudicial; however, as noted above, mere prejudice is not

sufficient to render statements surplusage. The statement is relevant to showing Defendants' motive to commit the acts charged in the indictment. The other statements in paragraphs 9-17 perform a similar function. Thus, paragraphs 9-17 are not surplusage, and Defendants' Motion to Strike is DENIED.

**C.    Motion for Discovery**

Defendants claim the Government has not provided discovery regarding Defendant Paterno's watch, and property owned by Defendant Paterno in the Philippines. Defendants ask that the Government be compelled to provide the following:

a) All financial records, including receipts, establishing the existence and value of the men's watch described in the Indictment.

b) Property transaction records, including titles and deeds, verifying the ownership, location, and value of the property located in Iliolo, in the Philippines.

The Government claims that it has provided all the discovery that it has in its possession regarding these two issues. The Government notes that it became aware of the watch during Defendants' depositions, and that it is Defendants who have failed to produce the watch and records relating to it. The indictment charges Defendants with inventing two stories regarding the disposal of the watch.

Regarding the property, the Government claims that Defendants failed to disclose any property in the Philippines in the Statement of Debtor they submitted. However, in a subsequent deposition, Defendants revealed the existence of property in the Philippines. The Government claims that Defendants' statements are the only evidence it possesses on this issue.

Defendants do not allege that the Government has specific pieces of evidence that it is

withholding, and the Court cannot compel the Government to produce discovery it does not possess. Therefore, Defendants' Motion for Discovery is DENIED.

## V. CONCLUSION

For the above reasons, Defendants' Motions for Bill of Particulars, to Strike Surplusage from Indictment, and for Discovery are HEREBY DENIED.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  July 10, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 10, 2006.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290